253 F.2d 941
 UNITED STATES of America, ex rel. Mile MILANOVIC, Relator-Appellee,
v.
John L. MURFF, as District Director of the Immigration and
Naturalization Service, United States Department of Justice,
for the District of New York, and/or whomsoever may have
custody of the body of said relator, Respondent-Appellant.
 No. 207, Docket 24880.
 United States Court of Appeals Second Circuit.
 Argued March 5, 1958.
Decided April 11, 1958.
 
 Roy Babitt, Sp. Asst. U.S. Atty., Southern Dist. of New York, New York City (Paul W. Williams, U.S. Atty., Southern Dist. of New York, New York City, on the brief), for respondent-appellant.
 Ernest Fleischman, New York City (Delson, Levin & Gordon, New York City, on the brief), for relator-appellee.
 Before LUMBARD, WATERMAN and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The question for decision is whether Yugoslavia is the country whence the relator came. If, as Judge Palmieri found, it was not, then the order of the Immigration and Naturalization Service deporting Milanovic to Yugoslavia is not authorized by statute[1] and the writ was properly issued.
 
 
 2
 A native of Yugoslavia, where his mother still lives, Milanovic served with the Royal Yugoslav Navy in World War II and also fought Tito's partisan forces in his native country. His father was killed by the partisans during the war. In 1945 Milanovic slipped across the border into Italy and remained there in a displaced persons camp maintained by the British. He claims that he is now stateless. Upon his release in 1948 he shipped out as a crewman on a ship of Italian registry. When the ship arrived at New York on April 19, 1948 Milanovic was informed that he would not be paid for his three-months service and that he would be returned to Italy for possible deportation to Yugoslavia. To avoid returning to Yugoslavia, he jumped into New York harbor and swam to a tugboat. He was turned over to the immigration authorities, who determined that he had entered the country illegally. Milanovic avoided deportation by shipping out on a Panamanian vessel whose master was a former captain in the Royal Yugoslav Navy. Later the ship on which he sailed was sold. Rather than take a drastic cut in wages, Milanovic left the ship at Antwerp, Belgium, where he lived in a seamen's home for about forty days.
 
 
 3
 Since the Belgian government would not permit him to remain in that country, the owners of the vessel upon which he last sailed transported him to New York from which port he expected to ship out. He was excluded on February 2, 1949 as an immigrant not in possession of an unexpired immigration visa, a determination which was upheld on administrative appeal. The validity of this determination is not now in question. Milanovic was paroled in order to allow him opportunity to be admitted under a private bill, but such bill was not enacted.
 
 
 4
 After learning that the Belgian government would not accept the relator, the Immigration and Naturalization Service obtained the consent of Yugoslavia to accept him. Milanovic was taken into custody and ordered deported to Yugoslavia in August 1956. The petition for a writ of habeas corpus, attacking the validity of the order returning him to Yugoslavia, was sued out following abortive attempts by the Immigration and Naturalization Service to gain the consent of Italy, Argentina and Brazil to receive him.
 
 
 5
 We agree with Judge Palmieri that Yugoslavia is not the country 'whence he (Milanovic) came' within the meaning of 237(a), Immigration and Nationality Act of 1952, 8 U.S.C.A. 1227(a). We think that the statute manifests an intention, when an alien is excluded, that the situation existing before the arrival of the alien in this country be restored so far as is possible. It is enough to say that a return to Yugoslavia, a country from which Milanovic fled 13 years ago and with which he has severed all ties, would not be a restoration of the status quo contemplated by the statute. Hence, Yugoslavia is not the country whence he came.
 
 
 6
 Even were we to apply the test of United States v. Holland-America Line, 2 Cir., 1956, 231 F.id 373, it cannot be said that Yugoslavia was the country from which Milanovic came. In that case this Court held that 'the country whence they came' with reference to the deportation of aliens under 20, Immigration Act of 1917, 39 Stat. 890, 64 Stat. 987, normally was the 'country in which the alien has a place of abode and which he leaves with the intention of coming ultimately to this country.' 231 F.2d at page 376. Here there is no showing that when Milanovic left Yugoslavia in 1945 he ultimately intended to come to the United States. The most that can be said is that in 1948, three years after leaving Yugoslavia, when he was faced with a return to Italy to face probable deportation by Italy to Yugoslavia, he entered the United States illegally by way of the waters of New York harbor and a swim to a tugboat.
 
 
 7
 The government urges that an alien subject to deportation rather than exclusion may be setn to any number of countries, 243(a), Immigration and Nationality Act of 1952, 8 U.S.C.A. 1253(a) and that it would be paradoxical if the government were more restricted in its treatment of excludees, such as Milanovic, who, in contemplation of law, have never entered this country. That there may be such a statutory anomaly does not seem to us sufficient reason to ignore the plain distinction in the statute. Indeed, the seriatim listing of countries to which an alien may be deported under the deportation statute, as contrasted to the provision calling only for deporting an excludee to 'the country whence he came,' indicates a conclusion contrary to the government's contention.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Section 237(a), Immigration and Nationality Act of 1952, 8 U.S.C.A. 1227(a): 'Any alien (other than an alien crewman) arriving in the United States who is excluded under this Act, shall be immediately deported to the country whence he came, in accommodations of the same class in which he arrived, on the vessel or aircraft bringing him, unless the Attorney General, in an individual case, in his discretion, concludes that immediate deportation is not practicable or proper.'